## LESASSIER *vs.* LESASSIER ET AL.

### APPEAL FROM THE COURT OF PROBATES, FOR THE PARISH OF IBERVILLE.

The Probate Court is without jurisdiction in an action against a third possessor of property sold by a tutor, when the object of the suit is to annul certain proceedings of that court releasing the general mortgage of the minor, and to subject the property to his claim, under his mortgage against the tutor.

The third possessor was no party to the probate proceedings sought to be annulled ; is not connected in any way with the acts of the tutor ; nor done any act under the authority of the court of probates.

Courts of probate have no jurisdiction against third possessors of property claimed as part of a succession, or under a mortgage against a tutor. If it were otherwise, defendants would be deprived of important means of defence, as fraud and collusion, and the trial by jury.

This is an action by Luke Lesassier, late a minor, against Timoleon Lesassier, lately his tutor, to annul certain proceedings had in the Probate Court, in which T. Lesassier endeavored to release the general and tacit mortgage of the plaintiff, and give a special mortgage on certain property in lieu thereof. After the release thus effected, T. Lesassier sold a plantation and slaves, which had been previously effected by the general mortgage, to Addison Dashiell.

The plaintiff instituted this action to annul said proceedings of the Probate Court, alleging that his late tutor, T. Lesassier, is largely indebted to him, and that he still retains his general and tacit mortgage on all the property of his tutor, and that the plantation and slaves now in the possession of Dashiell are liable to his general mortgage. He prays that T. Lesassier and A. Dashiell be both cited ; that the proceedings of the Probate Court, attempting to erase and release his general mortgage, be declared null ; that his demand against his tutor be recognized, and that the plantation and slaves sold to Dashiell be seized and sold under his general mortgage to satisfy his demand.

A curator ad hoc, to represent T. Lesassier, who is absent, was appointed.

Dashiell appeared and excepted to the jurisdiction of the Probate Court, on the ground that he is a third person with reference to the plaintiff and the claims he sets up. He also answered generally and specially to the merits.

The parties went to trial on the merits, and after hearing the case, the judge of probates annulled all the previous proceedings, going to release the general mortgage of the plaintiff on the property of the tutor, and declared his mortgage in full force against all the property previously owned by his tutor, and from the time of the tutorship. The defendant, Dashiell, alone appealed.

*Labauve*, for the plaintiff.

*Winchester* and *Ives*, for the appellant.

*Simon, J.*, delivered the opinion of the court.

The plaintiff alleges that during his minority, certain proceedings were had, at the request of his tutor, in order to discharge the tacit and legal mortgage which he had on the property of his said tutor, and to substitute thereto a special mortgage on certain property, which is far from being sufficient to satisfy his rights. That on his attempting to resort to his general mortgage on property in the hands of Addison Dashiell, who had acquired it from his former tutor, the third possessor thereof pretends to resist said legal mortgage on the ground that it has been extinguished and replaced by a special one on other property. Several grounds are set forth in the petition to show the irregularity and illegality of the proceedings, by virtue of which the general mortgage was cancelled. Plaintiff prays that his former tutor, and the third possessor be cited, in order that contradictorily with them, the proceedings complained of and the decree of homologation be annulled and set aside ; and that the general mortgage resulting from the tutorship, be declared to have the same force and effect as if it had never been cancelled or released.

The defendants answered separately ; the tutor pleaded the general issue, and A. Dashiell, after having filed a plea to the jurisdiction of the court, endeavors in an answer to the merits, to maintain the validity of the proceedings and of the judgment of homologation. There was judgment in favor of the plaintiff, against both defendants, and Dashiell, alone, appealed.

It becomes unnecessary to examine the merits of this action, which is one of nullity or rescission, as the defendant, Lesassier, did not appeal from the decision of the lower tribunal, which, as to him, has the effect of *res judicata*; and, as regards the defendant, Dashiell, this case is to be disposed of on his exception to the jurisdiction of the court.

Eastern Dist.
March, 1840.

LESASSIER
vs.
LESASSIER ET AL.

The Probate Court is without jurisdiction in an action against a third possessor of property sold by a tutor, when the object of the suit is to annul certain proceedings of that court, releasing the general mortgage of the minor, and to subject the property to his claim, under his mortgage, against the tutor.

The third possessor was no party to the probate proceedings sought to be annulled; is not connected in any way with the acts of the tutor; nor done any act under the authority of the Court of Probates.

Courts of Probate have no jurisdiction against third possessors of property claimed as part of a succession, or under a mortgage against a tutor. If it were otherwise, defendants would be deprived of important means of defence, as fraud and collusion and the trial by jury.

We think the judge *a quo*, erred in overruling the declinatory exception filed by Dashiell, and in assuming or maintaining jurisdiction over him.   With regard to the plaintiff, and to the succession under which he claims his rights, the defendant, Dashiell, is a third person, and an entire stranger to the administration of the tutorship, and to the proceedings which may have been had relative thereto at the request of the tutor.   It is true that the object of this suit is to annul a judgment of homologation of certain proceedings, by virtue of which, as it is alleged, property now in the possession of Dashiell, was released from the general and legal mortgage existing in favor of the plaintiff; but the third possessor was not a party to those proceedings, nor did he ever intermeddle in the administration of the tutorship; and he is not alleged, in any manner, to be connected with the acts of the person under whom he holds said property, nor has he done any act under the authority of the Court of Probates.   Courts of Probates are courts of limited jurisdiction, and this court has held in the case of *Casanova* vs. *Acosta et al.*, 1 *Louisiana Reports*, 183, that " Courts of Probates have no jurisdiction against third persons to recover property belonging to a succession, and which had fallen into their hands.   Although this suit is not to recover the property from Dashiell, it would have virtually the same effect, as its object is to deprive him of his property by virtue and means of a general mortgage. Were we to maintain the jurisdiction assumed in this case by the judge *a quo*, the defendant, Dashiell, might lose the benefit of very important means of defence which he may have, and which he could not properly urge before the Court of Probates ; such as allegations of fraud and collusion and other like exceptions ; and thereby would be also deprived of the trial by jury, the only competent judges in such matters.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Court of Probates, as it relates to the defendant, Dashiell, be annulled, avoided and reversed ; that this suit be dismissed with regard to him, and that the plaintiff pay costs in both courts.